UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
DONALD BEASLEY, individually
and on behalf of all others similarly situated,

                        Plaintiffs,

-v-                                          No. 08 Civ. 913 (LTS) (FM)

TELETECH HOLDINGS, INC, et al.,

                        Defendants.
-------------------------------------------------------------x
WILLIAM BROWN, individually and on behalf
of all others similarly situated,

                        Plaintiffs,

-v-                                          No. 08 Civ. 1842 (LTS) (FM)

TELETECH HOLDINGS INC., et al.,

                        Defendants.
-------------------------------------------------------------x

<u>ORDER CONSOLIDATING CASES AND GRANTING MOTIONS FOR APPOINTMENT OF
LEAD PLAINTIFF AND LEAD COUNSEL</u>

          Institutional Investor Electrical Workers Local No. 357 Pension and Health & Welfare Trusts ("Electrical Workers Local No. 357") moves the Court for an Order: (1) consolidating the above-referenced actions; (2) appointing Electrical Workers Local No. 357 as Lead Plaintiff; and (3) appointing the law firm of Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel. The New Orleans Employees' Retirement System ("New Orleans") moves the Court for an Order: (1) consolidating the above-referenced actions; (2) appointing New Orleans as Lead Plaintiff; and (3) appointing the law firm of Labaton Sucharow LLP as Lead Counsel. Electrical Workers Local No. 357's motion is unopposed. New Orleans' motion is opposed by

Electrical Workers Local No. 357.

I. MOTION FOR CONSOLIDATION

Rule 42 of the Federal Rules of Civil Procedure provides that the Court may consolidate "actions involving a common question of law or fact." Fed. R. Civ. P. 42(a). A determination on the issue of consolidation is left to the sound discretion of the Court. Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990); Zicklin v. Breuer, 534 F. Supp. 745 (S.D.N.Y. 1982).

The Court finds that the above-captioned actions present common factual and legal issues, involve overlapping defendants and will involve similar subject matter and similar issues related to class certification. Accordingly, the Court finds that the actions should be consolidated, in the interests of judicial economy. Therefore, it is hereby ORDERED as follows:

A. CONSOLIDATION

1. The above-captioned actions are consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a). The consolidated securities cases shall be referred to collectively as In re Teletech Litigation, Master File No. 08 Civ. 913 (LTS)(FM).

2. No action taken hereunder shall have the effect of making any person, firm or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

### B. MASTER DOCKET AND SEPARATE ACTION DOCKETS

1. A Master Docket is hereby established for the consolidated proceedings in the actions consolidated herein and any other actions subsequently consolidated with them for pretrial purposes (the "Consolidated Actions"). Entries in said Master Docket shall be applicable to the Consolidated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

### C. MASTER FILE AND SEPARATE ACTION FILES

1. A Master File is hereby established for the consolidated proceedings in the Consolidated Actions. The Master File shall be Civil Action No. 08 Civ. 913 (LTS)(FM). The original of this Order shall be docketed by the Clerk of Court in the Master File herein established.

2. The Clerk shall maintain a separate file for each of the Consolidated Actions, and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by Section B of this Order. The Clerk shall docket a copy of this Order in each such separate file. Once the Clerk has docketed this Order, counsel of record in each of the Consolidated Actions will receive a Notice of Electronic Filing.

### D. NEWLY FILED OR TRANSFERRED ACTIONS

1. When a class action that relates to the same subject matter as the Consolidated Actions is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with these actions in the same manner as the cases identified in Section A above

(provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), except as provided below, and the Clerk of Court shall:

(a)   Docket a copy of this Order in the file for newly filed or transferred actions.

(b)   Make an appropriate entry in the Master Docket.

2. The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with these actions.

### E. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

1. This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions, whether brought on behalf of holders of Teletech Holdings, Inc. ("Teletech") stocks, bonds, or any other securities, so long as Teletech is named as a defendant in the action. This Order shall apply to each such case which is subsequently filed in or transferred to this Court and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk notifies counsel for that party of this Order. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

2. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint in any such case. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty days from the date the Court grants such

permission within which to answer, plead or otherwise move with respect to any such complaint.

## F. CAPTIONS

1. Every pleading filed in the Consolidated Action, and in any separate action included therein, shall bear the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x
IN RE TELETECH LITIGATION      :
                               :         MASTER FILE
                               :         08 Civ. 913 (LTS)(FM)
                               :
This Document Relates To:      :
                               :
                               :
                               :
_____ x
```

2. When a pleading is intended to be applicable to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption.  When a pleading is intended to apply to fewer than all of such actions, the docket number for each individual action to which it is intended to apply and the name of the plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption.

## G. FILING AND DOCKETING PAPERS

1. When a pleading or other paper is filed, the parties shall electronically or manually file such paper pursuant to this Court's Guidelines and Amended Instructions for Electronic Case Filing.

(a) When a pleading or other paper is <u>electronically</u> filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall electronically file such paper in the Master File only. Docket entries shall not be made to each separate action.

If the caption shows that it is applicable to fewer than "All Actions," the parties shall electronically file such paper in the Master File and electronically file such paper to the action to which it applies.

(b) When a pleading or other paper is <u>manually</u> filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall submit to this Court the original paper for the Master File. No copies shall be submitted for each separate action. Upon receiving the original paper, the Clerk shall docket the paper to the Master File only. Docket entries shall not be made to each separate action.

If the caption shows that it is applicable to fewer than "All Actions," the parties shall submit to this Court the original paper for the Master File and copies of such paper for the action to which it applies. Upon receiving the papers, the Clerk shall docket the original paper to the Master File and docket copies of such paper to the action to which it applies.

## II. MOTION FOR APPOINTMENT OF LEAD PLAINTIFF

The PSLRA provides in relevant part that "the court shall . . . appoint as lead plaintiff the member or members of the purported class that the Court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In making its determination on a motion for appointment of a lead plaintiff, the

Court is required to adopt the rebuttable presumption that the "most adequate plaintiff" is

> the person or group of persons that– (aa) has either filed the complaint or made a motion in response to [the initial class] notice . . . ; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted only upon proof by a member of the purported class "that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses which render such plaintiff incapable of adequately representing the class."  15 U.S.C. 78u-4(a)(3)(B)(iii)(II).

No opposition has been submitted to Electrical Workers Local No. 357's application.  Moreover, Electrical Workers Local No. 357 meets the standards of 15 U.S.C. 78u-4(a)(3)(B)(iii)(I).  Electrical Workers Local No. 357 has made a motion in response to the initial class notice and alleges a loss of $50,244.91.  (Decl. of Mario Alba, Jr., Ex. B.)  Electrical Workers Local No. 357's financial interest is greater than that of New Orleans.

In addition, Electrical Workers Local No. 357 has made a preliminary showing of typicality and adequacy under Rule 23 in accordance with the requirements of the PSLRA.  "Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  In re Oxford Health Plans, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).  The claims of Iron Workers Local No. 25 are typical of the class because its claims and injuries arise from the same course of conduct as that from which claims of the other class members arise.  Cf. id. at 49-50.

The adequacy of representation component of Rule 23 is also satisfied by

Electrical Workers Local No. 357 as there is no conflict of interest between the Electrical Workers Local No. 357 entities and members of the purported class, it has obtained qualified and experienced counsel, and it has a significant interest in the outcome in the litigation so as to ensure vigorous prosecution of the case. Cf. Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001). The Court's preliminary determination of typicality and adequacy, will not, however, preclude any party from contesting class certification on such bases in the future.

Thus, the Court finds that Electrical Workers Local No. 357 is presumptively the most adequate plaintiff. Having received no evidence sufficient to rebut this presumption, the Court hereby grants Electrical Workers Local No. 357's motion for appointment as Lead Plaintiff.

III. MOTION FOR APPOINTMENT OF LEAD COUNSEL

Subject to the Court's approval, the most adequate plaintiff shall select and retain counsel to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v). Electrical Workers Local No. 357 seeks approval of its selection of Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel. Upon review of the papers submitted in support of the motion, the Court finds that Coughlin Stoia Geller Rudman & Robbins LLP has had substantial experience and success in prosecuting securities fraud actions, rendering it capable of serving as lead counsel in this action. (Alba Decl., Ex. D.) Accordingly, Electrical Workers Local No. 357's selection of Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel is approved.

Coughlin Stoia Geller Rudman & Robbins LLP shall serve as Lead Counsel for all plaintiffs in the Consolidated Actions.

Lead Counsel shall have the following responsibilities:

a. Sign any consolidated complaint, motions, briefs, discovery requests, objections, or notices on behalf of all plaintiffs or those plaintiffs filing the particular papers;

b. Conduct all pretrial proceedings on behalf of plaintiffs;

c. Brief and argue motions;

d. Initiate and conduct discovery;

e. Speak on behalf of plaintiffs at any pretrial conference;

f. Employ and consult with experts;

g. Conduct settlement negotiations with defense counsel on behalf of plaintiffs;

h. Call meetings of plaintiffs' counsel; and

i. Distribute to all plaintiffs' counsel copies of all notices, orders, and decisions of the Court to the extent counsel have not registered on the ECF system for this case; maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; and keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions, which shall be available to all plaintiffs' counsel at reasonable hours.

This Order resolves docket entry nos. 21 and 26.

SO ORDERED.

Dated: New York, New York
May 19, 2008

_____
LAURA TAYLOR SWAIN
United States District Judge